■ YISRAELI, YERUSHALMI & Co., Respondent, v BML LEASING CORP. et al., Appellants.—Order, Supreme Court, New York County, entered January 5, 1978, unanimously modified, on the law, to eliminate therefrom that provision which grants plaintiff-respondent's motion for summary judgment, and to vacate the judgment entered on that order on January 11, 1978, and otherwise affirmed, without costs and without disbursements. Plaintiff, an Israeli law firm with a New York office, sues defendants, *pro se,* for a counsel fee said to have been earned by rendition of services in connection with a project involving construction and leasing of silos for grain alongside railroad tracks in Israel. The corporate defendant had sent its emissary, Urman, to negotiate a contract in its behalf for this work and to arrange for its commencement. He proceeded to secure required official permits and favorable contract terms but, faithless to his principal, he took the contract in the name of a corporation controlled by him. At this juncture, plaintiff firm was retained at its New York office, and recommended an action for declaratory judgment against Urman and others, including the government of Israel, to secure for defendants all of the rights acquired by Urman. A contingency fee was agreed to: 25% of all cash recovery, and $675 for each 1% of recovery of intangible rights. Suit was instituted, culminating in a settlement, which was reduced to an Israeli judgment, for 100% of the rights in the project wrongfully acquired by Urman for himself, together with $50,000 compensation for services, past and future, in respect of data

having to do with the project. The State of Israel had meanwhile lost interest in the venture, so that defendants were cool to plaintiff's request for $67,500, representing recovery of the totality of Urman's rights: 100%. In any event, defendants paid plaintiff installments totaling $12,000 (and $2,353.25 covering expenses) in accordance with a schedule suggested by plaintiff, and then ceased to pay. Plaintiff sued, and was awarded summary judgment, Special Term agreeing with plaintiff's evaluation of the retainer, and rejecting defendants' cross motion for return of the installment paid. We hold this to have been error. We examine first the question of whether the suggestion by plaintiff for an installment schedule in liquidation of the demanded fee, and its apparent acceptance by payment of a part, constituted an accord and satisfaction. It is sufficient to point out that defendants claim the payment on account to have been coerced by plaintiff's threat that refusal to pay would be met by abandonment of legal representation. This at a time when there appeared to be a possibility that the State of Israel might ratify, and thus become party to, the settlement agreement. Thus, the existence of the accord itself is challenged, raising an issue beyond summary decision. Going behind the claimed accord to the basic retainer agreement, we find it beclouded by several questions of fact. Does the process of calculation of "intangible rights" contemplate payment for an acquisition having no actual value at all without the State as a party to the settlement? Is the State bound at all by the settlement, either pursuant to law foreign to us, or by participation in the settlement? Has the judgment been properly authenticated? Does its actual text square with what the parties—separately —claim that it provides? Is its translation a correct one? Was plaintiff authorized to settle with Urman, releasing entirely plaintiff's rights against him, for something worthless? Did the individual defendants perform acts rendering themselves personally liable to plaintiff? All these questions of fact, and more, must await resolution before judgment may be granted. We modify accordingly, and vacate the judgment. Concur—Murphy, P. J., Lupiano, Markewich, Sandler and Sullivan, JJ.